WINTEROWD v. CHRISTENSEN et al.

No. 4433.   Decided November 20, 1926.   (251 P. 360.)

*Bagley, Judd & Ray,* of Salt Lake City, for appellant.

*Allen T. Sanford* and *Irvine, Skeen & Thurman,* all of Salt Lake City, for respondents.

CHERRY, J.

This is an action to recover damages for personal injuries upon the ground of negligence. Three defendants were joined in the complaint. With the plaintiff's consent two of them were later dismissed, leaving the action standing against Amusement Concession Company as the sole defendant.

A trial was commenced before the court and a jury, and the plaintiff presented her evidence, whereupon the court upon defendant's motion granted a nonsuit and dismissed

the action. The plaintiff has appealed. The main question to be decided is whether the nonsuit was properly granted.

The defendant as lessee conducted and operated a summer resort in Davis county, called the Lagoon Resort, devoted to pleasure and amusements, to which the public was invited and for admission to which a fee was charged. In connection with the resort the defendant maintained and conducted a baseball grounds, including an elevated grand stand with seats for the use of persons attending the ball games played there. The ball grounds adjoined the resort proper, and was inclosed with a fence. Gates permitted entrance to the ball park from the resort. On July 20, 1922, there was a meeting of the members of the Railway Mail Associations of Salt Lake City and Ogden, at the Lagoon Resort, and as a part of the entertainment a baseball game was played on the ball grounds above described. There was proof that permission to use the ball grounds for the purpose had been granted by the defendant.

The plaintiff attended the meeting with her husband, and paid for admission to the resort. In the afternoon a baseball game, between rival teams of the Railway Mail Associations of Salt Lake City and Ogden, was being played. The gate between the resort proper and the ball grounds was open, and persons in considerable numbers were passing into the ball grounds and taking seats in the grand stand to witness the game. The plaintiff's husband was one of the baseball players. The plaintiff entered the grounds through the gate, and, while walking in the grand stand to obtain a seat, upon a floor or platform elevated two or three feet from the ground, a board in the floor broke and gave way under her, causing her to fall and her foot and leg to drop through the floor, in which manner she sustained the injuries complained of.

It was shown that the defendant had had control and possession of the premises for several years, during which time baseball games were frequently played at the ball

grounds in connection with outings and excursions to the resort. The board in the floor which broke under the plaintiff's weight was described as a "2x10 plank," which was "decomposed and dark, soggy, pithy." "It broke without any splinters at all." It was further described as "rotten" and breaking easily. That it appeared like it might have been rotten and defective when first put in the floor. The board was wet from rain at the time of the accident. A witness said "when dry it would be rather porous" and observable to a man making an ordinary inspection of it.

The motion for nonsuit was based upon two grounds: (1) That the plaintiff was a trespasser or at most a licensee; and (2) that there was no proof of negligence.

The trial court was of the opinion that the proof was sufficient to show the plaintiff to be an invitee of defendant, and disregarded the first ground, but sustained the motion on the second ground.

It is a fair inference from the plaintiff's evidence that the baseball grounds was a part of the resort and one of the inducements which attracted attendance there. There was express evidence that this resort was selected for the meeting of the Railway Mail Associations on account of the availability of the baseball grounds. The baseball game was a feature of the day's entertainment and was open to all visitors in the resort. The plaintiff having paid the admission fee to the resort, we think the circumstances presented a typical case of invitation on the part of the defendant, and that the trial court correctly ruled that the plaintiff was there present as an invitee of the defendant.

Now with respect to the question of negligence, it is well settled that the owner or occupant of premises who induces others to come upon it by invitation express or implied owes to them the duty of using reasonable or ordinary care to keep the premises in a safe and suit-

able condition, so that they will not be unnecessarily or unreasonably exposed to danger. 29 Cyc. 453; *Larkin v. Saltair Beach Co.*, 30 Utah, 86, 83 P. 686, 3 L. R. A. (N. S.) 982, 116 Am. St. Rep. 818, 8 Ann. Cas. 977.

Whether or not the plaintiff by her evidence, and the fair and legitimate inferences therefrom, established a neglect of duty and failure to exercise the care required by the rule stated is the test by which the case must be determined.

That the platform or floor was in an unsafe and dangerous condition was clearly made evident by the fact that the board which gave way was decomposed, and that it broke under the weight of one person. The particular fact of controlling importance is whether from the circumstances it can be fairly inferred that a reasonable inspection by defendant would have discovered the defect. As before seen, there was evidence that the board was decomposed and dark—porous when dry—and that the defective condition would be observable to a person making an ordinary inspection of it. The defect was not of recent origin. There was evidence tending to show it was old. This evidence, standing uncontradicted, and reviewed in the light most favorable to the plaintiff, is, we think, sufficient, if believed and acted upon by the jury to warrant the conclusion that there was a neglect of duty on the part of the defendant in not discovering and repairing the defect, and that therefore the question of the defendant's negligence should have been submitted to the jury.

It follows that the court erred in granting the nonsuit, for which reason the judgment is reversed and a new trial granted; costs to appellant.

GIDEON, C. J., and THURMAN, FRICK, and STRAUP, JJ., concur.